**UNITED STATES of America, Plaintiff,**

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Defendant.**

**No. 2031.**

United States District Court
W. D. Missouri,
Southwestern Division.

July 31, 1967.

F. Russell Millin, U. S. Dist. Atty., by John Carter, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Robert J. Keeter, Mann, Walters, Burkart, Weathers & Schroff, Springfield, for defendant.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ELMO B. HUNTER, District Judge.

This is a two count action initiated by the United States pursuant to the Safety Appliances Act, 45 U.S.C. §§ 1–16 (particularly §§ 9 and 11) and requirements established by the Interstate Commerce Commission in accordance therewith. Count II involves violation of § 11 of the Act and defendant by its answer has admitted all of the allegations contained in that count, including the allegation that "defendant is therefore liable to plaintiff in the sum of two hundred and fifty dollars." Therefore, judgment must be entered for plaintiff on Count II. Count I involves violation of § 9 of the Act and section 132.12 of the Code of Federal Regulations, and alleges that the power or train brakes on the described train of defendant had not been given the required inspection and tests. Defendant by its answer admits all of the allegations in Count I except allegation number 5 which asserts, "defendant is therefore liable to plaintiff in the sum of two hundred and fifty dollars." Defendant also denied the final allegation in the complaint which alleged defendant was liable for a total of five hundred dollars and costs in this case. The sole reason asserted for denying allegation number 5 is "that section 9 of Title 45 does not provide a penalty for violation of said section and therefore said statute is of no force or effect and defendant cannot be fined as prayed by the plaintiff."

The sole issue before the Court is a legal one, namely, can the penalty claimed be assessed against defendant for the admitted violation of the statute (45 U.S.C. § 9) and regulation? The answer must surely be yes, for the reasons hereinafter mentioned. The government seeks to assess the penalty in accordance with 45 U.S.C. § 6. The pertinent portions of sections 9 and 6 are set out below:

§ 9 Whenever, as provided in sections 1–7 of this title, any train is operated with power or train brakes not less than 50 per centum of the cars in such train shall have their brakes used and operated by the engineer * * *. [T]he Interstate Commerce Commission shall adopt and put into effect the rules, standards, and instructions of the Association of American Railroads * * * for the installation, inspection, maintenance, and repair of all power or train brakes for common carriers engaged in interstate commerce by railroad. * * * Failure to comply with any rule, regulation, or requirement promulgated by the Interstate Commerce Commission pursuant to the provisions of this section shall be subject to the like penalty as failure to comply with any requirement of this section.

§ 6 Any common carrier engaged in interstate commerce by railroad using any locomotive engine, running any train, or hauling or permitting to be hauled or used on its line any car in violation of any of the provisions of sections 1–7 of this title, shall be liable to a penalty of $250 for each and every such violation, to be recovered in a suit or suits to be brought by the United States attorney * * *.

Section 6 of the Act was originally enacted in 1893 at the time the first seven sections of the Safety Appliances Act were passed. It has remained essentially unchanged except for the amount of the penalty. In 1957 the penalty was in-

creased from $100 to the present $250. Section 9 was enacted in 1903 along with sections 8 and 10 and the three sections are referred to below as the amending act of 1903. Section 9 itself contained no separate penalty provision at the time it was originally enacted and contains none today. It has, however, always contained the provision that failure to comply with a requirement of the Interstate Commerce Commission made pursuant to the section "shall be subject to the like penalty as failure to comply with any requirement of this section." The question then presented is: What is the penalty for failure to comply with any of the statutory requirements of section 9? If there is a penalty applicable for violation of any of the statutory requirements of the section, that same penalty applies to the violation of an Interstate Commerce Commission inspection regulation, such as we have in the instant case.

The government contends, and the Court agrees, that the penalty provisions of section 6 apply to violations of section 9 by virtue of the express provision in section 10 of the Act. Section 10 was originally enacted in 1903, along with sections 8 and 9. Section 10 presently reads as follows:

Nothing in sections 8 and 9 of this title shall be held or construed to relieve any common carrier, the Interstate Commerce Commission, or any United States attorney from any of the provisions, powers, duties, liabilities, or requirements of sections 1–7 of this title, and all of such provisions, powers, duties, requirements, and liabilities *shall, except as specifically amended by sections 8 and 9 of this title, apply thereto.* (Emphasis supplied.)

Present Section 10 of the three section act to amend of 1903 was originally enacted in the following language:

That the provisions of this Act shall not take effect until September first, nineteen hundred and three. Nothing in this Act shall be held or construed to relieve any common carrier, the Interstate-Commerce Commission, or any United States district attorney from any of the provisions, powers, duties, liabilities, or requirements of said Act of March second, eighteen hundred and ninety-three, as amended [§§ 1–7] * * * and all of the provisions, powers, duties, requirements and liabilities of said Act of March second, eighteen hundred and ninety-three, as amended * * * *shall, except as specifically amended by this Act, apply to this Act.*

The "Act" referred to in section 10 as it was first passed refers to the entire amending act of 1903 and includes sections 8 through 10. Thus it is clear that section 10 of the Safety Appliances Act expressly makes the penalty provision of section 6 applicable to section 9.

The government states that in the numerous cases which it cites the penalty provision was not in issue, and the Court's own research has not revealed any other case where such was the issue. Apparently because of the express provision in section 10 making the penalty provision of section 6 applicable to violation of section 9 the courts which have passed upon other aspects of the statute have uniformly applied the penalty provisions of section 6 without protest from defendants. In this connection see especially United States v. Seaboard Air Line Railroad Co., 361 U.S. 78, 79, 80 S.Ct. 12, 4 L.Ed.2d 25 (1959) where the Court stated that the case before it was one for statutory penalties in which defendant was charged with violation of 45 U.S.C. §§ 1, 6, and 9 and that "[t]he penalties are $100 for each violation. § 6." The court in a footnote then pointed out that the penalty had been increased to $250 in 1957.

■ Defendant's contention that the statute must be strictly construed because it is criminal in nature is without merit. On the contrary the Safety Appliances Act is to be accorded a liberal construction in order that its humanitarian purpose may be effectuated, United States v. Seaboard Air Line Railroad Co., supra, 361 U.S. at 83, 80 S.Ct. 12, 14. In this case, however, the Court

is not faced with a situation where a liberal construction is required in order to save the statute. Rather, in the instant case the language of the statute and the legislative history thereof are so clear that there is no need for relying upon a liberal construction rule. It is abundantly clear that the penalty provision of section 6 applies to section 9 and that defendant's contention is without merit.

Therefore, plaintiff's motion for summary judgment is hereby sustained and defendant's motion for summary judgment is hereby overruled and denied, at defendant's costs.

It is so ordered.